United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|   Plaintiff, | § | |
| | § | |
|       v. | § | **CRIMINAL NO. 6:17-93** |
| | § | **CRIMINAL NO. 6:17-94** |
| **DANIEL ADAM RODRIGUEZ,** | § | |
|   Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Daniel Adam Rodriguez's Motion for Compassionate Release, which he has filed in both of his criminal cases before the Court. 6:17-CR-93, D.E. 41; 6:17-CR-94, D.E. 40.

## I. BACKGROUND

In 2019, Defendant pled guilty to conspiracy to possess with intent to distribute approximately 83.60 grams of methamphetamine in Case No. 6:17-CR-93 and to possession with intent to distribute approximately 212.62 grams of cocaine in Case No. 6:17-CR-94. He was sentenced to 60 months' imprisonment in each case, to run concurrently. He has served 19 months (30%) of his sentence and has a projected release date, after good time credit, of July 28, 2023. Citing 18 U.S.C. § 3582 (c)(1)(A), Defendant now moves the Court to order his release to home confinement because his underlying medical conditions (morbid obesity, diabetes, and high cholesterol) make him particularly vulnerable to severe illness or death should he become re-infected with COVID-19 in prison. He submitted requests to the Warden of FCI Three Rivers for release to home confinement and/or a sentence reduction. Both requests were denied.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

**(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

            (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent* with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**

(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to

deter criminal conduct and protect the public from further crimes of the defendant; the need to

provide the defendant with, among other things, any needed medical treatment; and the various

kinds of sentences available.  *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United*

*States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for

compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25,

2019).

## III. ANALYSIS

Defendant is 39 years old. He claims that on July 12, 2020, he was confirmed positive for

SARS-CoV-2, the novel coronavirus that causes COVID-19, and says that, "[a]lthough he has

ostensibly recovered, his diabetes, obesity, and high cholesterol continue to render him at risk for

re-infection." Mot., p. 2. He further alleges that "there are many documented cases of the

existence of post-infection complications stemming from coronavirus recovery." *Id.*

Defendant has offered no medical records supporting a COVID-19 diagnosis, and there is

nothing to indicate that he ever became severely ill or that he is still suffering any effects of the

virus. As for his fears concerning reinfection, the World Health Organization (WHO) reports that

"[m]ost people who are infected with COVID-19 develop an immune response within the first

few weeks after infection." *Coronavirus disease (COVID-19): Herd immunity, lockdowns and COVID-19*, WHO (Oct. 15, 2020), https://www.who.int/news-room/q-a-detail/herd-immunity-lockdowns-and-covid-19. One recent study showed that, eight months after infection, most people who have recovered from COVID-19 still have enough immune cells to fend off the virus and prevent illness. Jennifer M. Dan, *et al.*, *Immunological memory to SARS-CoV-2 assessed for greater than six months after infection*, BIORXIV (Nov. 16, 2020), https://www.biorxiv.org/content/10.1101/2020.11.15.383323v1. "Cases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19,* CDC (Oct. 27, 2020), *https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.*

"The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release (6:17-CR-93, D.E. 41; 6:17-CR-94, D.E. 40) is **DENIED**.

It is so **ORDERED** this 14th  day of December, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE